IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: § § DAVID M. RIOS and SARITA G. RIOS § § DEBTORS § § 1312 Hollybrook Drive § Longview, Texas 75605 § SSN: xxx-xx-6261, xxx-xx-2142 § | | CASE NO. 24-60422 CHAPTER 7 |
| JG MAPPING & LANDMAN CONSULTING, LLC, HERIBERTO GARCIA, and YANIRA GARCIA § § § § *Plaintiffs,* § v. § § DAVIS M. RIOS and SARITA G. RIOS § § *Defendant*s § | | ADVERSARY NO._____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

JG Mapping & Landman Consulting, LLC, Heriberto Garcia, and Yanira Garcia, Plaintiffs herein, present this Complaint to Determine Dischargeability of Debt complaining of David M. Rios and Sarita G. Rios, Defendants herein, and would show to the Court as follows:

**Jurisdiction and Venue**

1. This adversary proceeding is brought pursuant to Fed. R. Bankr. Proc. 7001(2) and 11 U.S.C. §523(a)(2)(A) and 523(a)(4). This is a core proceeding of which the Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(I).

2. Plaintiffs are creditors of the Defendants in the underlying Chapter 7 case.

Defendants are the Debtors in the underlying Chapter 7 case. They may be served with a summons in this proceeding by serving at their residence at 1312 Hollybrook Drive, Longview, Texas 75605-5048.

## Factual Background

3.     On June 26, 2019, Plaintiff JG Mapping & Landman Consulting, LLC entered into a document entitled "Investor Contract" with DMS Management Services, LLC ("DMS" herein). At all times, Defendants were the sole members of CMS and all acts taken by DMS were taken at their direction. Plaintiffs Heriberto Garcia and Yanira Garcia are the sole members of Plaintiff JG Mapping & Landman Consulting, LLC ("JG Mapping" herein").

4.     Under the terms of the Investor Contract, JG Mapping agreed to deposit into a specific bank account owned by DMS the sum of $80,000.00 which DMS agreed would be used only for the expenses of constructing a new home on real property located at 1703 S. Oak Street, White Oak, Texas ("the Property"). The parties further agreed in the Investor Contract that upon the construction and sale of the home, JG Mapping would receive reimbursement of the sum of $80,000.00 plus 30% of the profit made from the sale of the home. The home was never built by DMS, although it did receive a deed to the Property by deed dated July 17, 2019. Title to the Property remained in DMS until July 29, 2021.

5.     Unknown to Plaintiffs, no later than November 1, 2019, the privileges and right to do business in Texas for DMS were forfeited by the Texas Comptroller of Public Accounts. At that point, Defendants became personally liable for the debts of DMS. DMS failed to revive its privileges and right to do business, and, on February 28, 2020,

the Texas Secretary of State forfeited the certificate of formation of DMS.  No attempt was made to reinstate the certificate of formation of DMS.  Defendants remained personally liable for the debts of DMS.

6. On December 16, 2019, the State of Texas filed a tax lien encumbering the Property for unpaid franchise taxes, penalty, and interest owed by DMS in the amount of $2,599.42.  Even though the notice of the lien was provided to Defendants, they failed to notify Plaintiffs, and Plaintiffs did not learn of this event until the fall of 2023.

6. In October, 2020, Plaintiffs learned that, without Plaintiffs' knowledge or consent, Defendants had withdrawn all of the funds deposited to the bank account that was to be used solely for the construction of a new home on the Property and had used them for other purposes unrelated to that project.  After learning of the misuse of the funds invested in 2019, Plaintiffs Heriberto Garcia and Yanira Garcia, acting as the sole members of JG Mapping, proposed an agreement to Defendants as the members of DMS.  This agreement ("the Agreement") was executed by Defendants on December 1, 2020, and by Plaintiffs Garcia on January 22, 2021.  At the time of the negotiation of the Agreement, Plaintiffs were unaware that DMS had lost the right to do business in Texas, and Defendants did not disclose that information to Plaintiffs.  The Agreement provided that Defendants would repay the funds invested by Plaintiffs at 8% per annum over a period of 10 years from October 15, 2020.  It also provided that the Property would be sold and all money collected from the sale would be paid to Plaintiffs. Defendants repaid principal of $7,728.00 to Plaintiffs.  Under the Agreement, Plaintiffs did not release their claims against DMS or Defendants.  Earlier in 2020, Defendants

had been sued in their individual capacities only by Investment Retrievers, Inc. for a debt it had acquired from Nissan Motor Acceptance Corporation. Investment Retrievers, Inc. recovered a judgment against Defendants in their individual capacities only on which it filed an abstract of judgment in Gregg County, Texas and which amounted to $21,644.59 on July 29, 2021.

7. On July 29, 2021, Defendants, acting as the members of DMS, sold the Property to Benigno Montes for the contract price of $30,000.00. Although the net proceeds from such sale after the payment of the state tax lien were the property of DMS and belonged to Plaintiffs under both the Investor Contract and the Agreement, Defendants violated both documents by directing that $21,644.59 be paid to Investment Retriever, Inc. to satisfy their personal debt to it which was not owed by DMS. After the payment of that judgment, Defendants received the balance of $2,950.56 from the sale which they used for their own purposes and did not pay to Plaintiffs. Defendants failed to inform Plaintiffs of this transaction either before or after it occurred, but instead represented to Plaintiffs that they had lost the Property with nothing to show for it. At all times, Defendants had a fiduciary relationship with Plaintiffs. Plaintiffs did not learn of the above-described transaction until the fall of 2023.

## COUNT 1

8. Plaintiffs incorporate the allegations contained in paragraphs 3 through 7 above as though set forth at this point.

9. Defendants are liable to Plaintiffs under 11 U.S.C. §523(a)(2)(A) for the sum of $80,000.00, less the sum of $7,728.00 principal paid previously, obtained by false pretenses, false representation, or actual fraud. Defendants are liable for the

representation made in the Investor Contract that the $80,000.00 deposited by Plaintiffs would be held in a specific bank account and not used for any purpose other than the construction of a house on the Property.  Such representation was not true at the time it was made, and Plaintiffs relied upon the truthfulness of such representation to their detriment by advancing the sum of $80,000.00.

10.    Plaintiffs have been damaged in the amount of $72,272.00, plus interest at the rate of 8% per annum from November 23, 2023 to July 15, 2024.

## COUNT 2

11.    Plaintiffs incorporate the allegations made in paragraphs 3 through 7 above as though set forth at this point.

12.    Defendants are liable to Plaintiffs under 11 U.S.C. §523(a)(4) for fraud or defalcation in a fiduciary capacity for the sum of $80,000.00, less the sum of $8,400.00 paid previously.  At all times, Defendants were fiduciaries under the terms of the Investor Contract with respect to the use of the funds invested by Plaintiffs and, both through DMS and in their own right, misused those funds by failing to use them solely for the purpose of constructing a new home on the Property.

13.    Plaintiffs have been damaged in the amount of $72,272.00, plus interest at the rate of 8% per annum from November 23, 2023 to July 15, 2024.

## COUNT 3

14.    Plaintiffs incorporate the allegations made in paragraphs 3 through 7 above as though set forth at this point.

15.    Defendants are liable to Plaintiffs under 11 U.S.C. §523(a)(4) for

embezzlement of the sum of $80,000.00, less the sum of $8,400.00 paid previously. Plaintiffs entrusted to Defendants the sum of $80,000.00, and Defendants appropriated those funds for a use or uses other than for the purpose of constructing a new home on the Property under circumstances indicating fraud.

16. Plaintiffs have been damaged in the amount of $72,272.00, plus interest at the rate of 8% per annum from November 23, 2023 to July 15, 2024.

## COUNT 4

17. Plaintiffs incorporate the allegations made in paragraphs 3 through 7 above as though set forth at this point.

18. Pursuant to the terms of Agreement, Defendants became fiduciaries for the benefit of Plaintiffs of the proceeds of the sale of the Property.  Defendants are liable under 11 U.S.C. §523(a)(4) for fraud or defalcation in a fiduciary capacity by taking net proceeds from the sale of the Property which belonged to DMS in the amount of $21,644.59 and applying same to the payment of a personal judgment which was not a debt of DMS and in the amount of $2,950.56 which they failed to remit to Plaintiffs.

19. Under this Count, Plaintiffs have been damaged in the amount of $24,595.15.

WHEREFORE, upon final trial of this adversary proceeding, Plaintiffs JG Mapping & Landman Consulting, LLC, Heriberto Garcia, and Yanira Garcia request that the Court enter judgment determining that the above-described debt in the amount of $71,600.00 is not a dischargeable debt and rendering judgment in favor of Plaintiffs against Defendants David M. Rios and Sarita G. Rios, jointly and severally in the amount of $71,600.00 plus all costs of court incurred herein.  In the alternative,

Plaintiffs JG Mapping & Landman Consulting, LLC, Heriberto Garcia, and Yanira Garcia request that the Court enter judgment determining that the above-described debt in the amount of $24,595.15 is not a dischargeable debt and rendering judgment in favor of Plaintiffs against Defendants David M. Rios and Sarita G. Rios, jointly and severally in the amount of $24,595.15 plus all costs of court incurred herein.

        Respectfully submitted,

        LAW OFFICES OF MICHAEL E. GAZETTE


        By:  /s/ Michael E. Gazette
             Michael E. Gazette
             State Bar No. 07784500

        100 East Ferguson Street, Suite 1000
        Tyler, Texas 75702-5706
        (903) 596-9911 Telephone
        (903) 596-9922 Telecopier
        Email: megazette@suddenlinkmail.com

        ATTORNEY FOR PLAINTIFFS